

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR DANIEL CHONG MANRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLATION BRANDS, et al.,<br><br>Defendants. | Case No.: 3:16-cv-02876-BEN-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT CONSTELLATION BRAND INC.'S MOTION TO DISMISS;**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS DEFENDANT ANA MARIA JIMENEZ GARCIA**<br><br>[Docket Nos. 4, 8] |

Pending before the Court are Defendant Constellation Brand Inc.'s ("Constellation") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion to Dismiss Defendant Ana Maria Jimenez Garcia ("Garcia") from the case. (Docket Nos. 4, 8.) The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendant's Motion is **GRANTED,** and Plaintiff's Motion is **DENIED as moot.**

1

## PROCEDURAL HISTORY

On November 22, 2016, Plaintiff filed his Complaint asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2) and 1332(a)(3). (Docket No. 1.) On December 20, 2016, Defendant Constellation filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket No. 4.) A hearing on Constellation's motion was noticed for January 23, 2017. Therefore, Plaintiff's Opposition was due on or before January 9, 2017. CivLR 7.1.e.2. Plaintiff did not file a timely Opposition. On January 13, 2017, Constellation filed its Reply, noticing Plaintiff's non-opposition. (Docket No. 6.)

On January 19, 2017, this Court took Constellation's motion on submission, and vacated the January 23, 2017 hearing. (Docket No. 7.) On January 25, 2017, Plaintiff concurrently filed the instant Motion to Dismiss Defendant Garcia and his belated Opposition.[1] (Docket Nos. 8, 9.)

## LEGAL STANDARD

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, (1978). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant can move a court to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1). Even though the motion is brought by the defendant, it is the plaintiff's burden to establish jurisdiction in a motion to dismiss for lack of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)

---

[1] The Court has the authority to deem Plaintiff's failure to file a timely response a waiver of the motion and grant Constellation's motion on this ground alone. CivLR 7.1.f.2.b. Moreover, the Court notes that Plaintiff's one-page (indeed one sentence) Opposition neither expresses his awareness nor even attempts to explain the tardiness of his response. Nevertheless, the Court has reviewed Plaintiff's Opposition, and has considered its argument in its ruling.

("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A defendant presenting a facial attack asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion will be granted if, on the face of the complaint, and when considered in its entirety, the complaint fails to allege facts sufficient to establish subject matter jurisdiction.

## DISCUSSION

Defendant moves to dismiss Plaintiff's action for failure to demonstrate diversity jurisdiction under 28 U.S.C. §§ 1332(a)(2) and 1332(a)(3), which Plaintiff asserts provide the bases for this Court's jurisdiction. Defendant's motion presents a facial attack on the facts alleged in the Complaint.

### A.   28 U.S.C. § 1332(a)(2)

28 U.S.C. § 1332(a)(2) provides, in pertinent part, that a federal court has jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Thus, where a complaint alleges that one or more plaintiffs are United States citizens and one or more defendants are United States citizens, diversity is destroyed. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016) ("§ 1332(a)(2) is an improper basis because the plaintiffs are alleged to be American citizens, and the defendants are alleged to be a mix of American citizens and foreign citizens. Because there are American citizens on both sides of the case, jurisdiction cannot be grounded in § 1332(a)(2)").

Here, the Complaint alleges that Plaintiff is a United States citizen. (Compl. ¶ 12.) Defendants Garcia and Patricia Nunez Amezcua ("Amezcua") are also alleged to be United States citizens. (*Id.* ¶¶ 13, 15.) The Complaint further alleges that Constellation

1  "is a business entity with a principal place of business in Victor, New York" thereby also
2  effectively asserting that Constellation is a U.S. citizen.[2]  (Id. ¶ 17.)
3      Thus, on the face of the Complaint, because Plaintiff, a United States citizen, has
4  alleged that some of the defendants are also United States citizens, Plaintiff has failed to
5  allege facts to establish subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). *See
6  Savage, supra*, 343 F.3d at 1039 n. 2; *Louisiana Mun. Police Employees' Ret. Sys., supra*,
7  829 F.3d at 1056.
8      Plaintiff's sparse Opposition, which refers the Court to his concurrent motion for
9  dismissal of Defendant Garcia (docket no. 9.), does not establish jurisdiction under
10 section 1332(a)(2).  As will be discussed further below, a district court determines the
11 existence, or lack thereof, of subject matter jurisdiction by looking at the facts as they
12 existed at the time the action was brought.
13      **B.    28 U.S.C. § 1332(a)(3)**
14      Under 28 U.S.C. § 1332(a)(3), diversity jurisdiction exists between "citizens of
15 *different* States and in which citizens or subjects of a foreign state are additional parties."
16 28 U.S.C. § 1332 (emphasis added).  There must be complete diversity of the citizens of
17 different states to establish jurisdiction under this section. *See Transure, Inc. v. Marsh &
18 McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985) (citing *Goar v. Compania Peruana
19 de Vapores*, 688 F.2d 417, 420 n. 6 (5th Cir.1982)) (finding diversity jurisdiction not
20 destroyed by the presence of non-diverse *aliens* where there is complete diversity
21 between the United States citizens involved in the action).
22     Here, Defendant's motion argues that Plaintiff and Defendant Garcia are both
23 domiciled in (and therefore citizens of) California because the Complaint alleges that
24 both Plaintiff and Defendant Garcia "live in Calexico, California, where they have been

---

[2] Although the Complaint is not clear as to what type of business entity Constellation is, Plaintiff's Opposition does not dispute that Constellation is a United States citizen. The Court concludes Plaintiff concedes Constellation is a United States citizen.

living for the past 47 years." (Mot. at 7; Compl. ¶ 23.) Plaintiff appears to concede that both Plaintiff and Defendant Garcia are domiciled in California because in Opposition, he states: "Based on the Request to Dismiss Defendant Ana Maria Jimenez Garcia filed today, January 25, 2017 [Docket No. 8], this case should not be dismissed as there is now complete diversity." (Docket No. 9.)

Plaintiff's motion to dismiss Defendant Garcia from the action (docket no. 8) cannot save his Complaint because a federal court's jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539 (1824) ("It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." . . . It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.").

Thus, the Court finds that Plaintiff has also failed to establish the existence of diversity jurisdiction under section 1332(a)(3). Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

## CONCLUSION

Constellation's Motions to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice.** As a result, Plaintiff's Motion to Dismiss Defendant Garcia is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: February 23, 2017

Hon. Roger T. Benitez
United States District Court Judge